**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

GARY ANTHONY MARATTY                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:10CV-P160-M

GREG ALLEN                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Gary Anthony Maratty, filed a *pro se*, *in forma pauperis* complaint pursuant to

42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues in his individual and official capacities Greg Allen, Jailer at the Todd

County Detention Center where Plaintiff is incarcerated.  He states that Defendant is violating

Plaintiff's Sixth and Fourteenth Amendment rights by failing to provide legal services and

access to the courts.  He states that there are no legal libraries or assistants on the premises to

help with filing motions such as to correct sentences or to credit jail time.  Plaintiff wants

injunctive relief in the form of requiring Defendant to provide legal services for inmates.

Plaintiff attaches a copy of a response to a grievance in which Defendant stated that he had tried

to assist Plaintiff with his access to courts.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

       The first inquiry in any § 1983 case is whether a deprivation of a right secured by the

Constitution or laws of the United States has occurred. *Baker v. McCollan*, 443 U.S. 137, 140

(1979); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The courts have recognized

repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v.*

*Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does

not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977);

*Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to

the courts was denied *merely* because he was denied access to the prison library, or certain

books, he fails to state a claim absent any showing of prejudice to his litigation. *Walter v.*

*Mintzes,* 771 F.2d at 932. In order to state a claim for a denial of access to the courts, a prisoner

must demonstrate actual prejudice to pending litigation that challenges his conviction or

conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish

relevant actual injury simply by establishing that his prison's law library or legal assistance

program is subpar in some theoretical sense.").

Plaintiff has not alleged that any actual litigation challenging his conviction or conditions of confinement has been prejudiced. Consequently, his complaint fails to state a claim for which relief is available.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Todd County Attorney
4414.009